UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SNEZANA STANKOVIC, *pro se*,    :
                                :
          Plaintiff,            :
                                :          **MEMORANDUM AND ORDER**
          -against-             :
                                :          12-cv-2457 (DLI) (RER)
PAT SMITH,                      :
                                :
          Defendant.            :
---------------------------------------------------------------x
SNEZANA STANKOVIC, *pro se*,    :
                                :
          Plaintiff,            :
                                :          12-cv-2458 (DLI) (RER)
          -against-             :
                                :
KEVIN B. DONOVAN, OTSUKA        :
PHARMACEUTICALS                 :
                                :
          Defendants.           :
---------------------------------------------------------------x
SNEZANA STANKOVIC, *pro se*,    :
                                :
          Plaintiff,            :
                                :          12-cv-2460 (DLI) (RER)
          -against-             :
                                :
QUEENS JOB CENTER #53 DIRECTOR  :
OF FOOD STAMP SERVICES,         :
                                :
          Defendant.            :
---------------------------------------------------------------x
SNEZANA STANKOVIC, *pro se*,    :
                                :
          Plaintiff,            :
                                :          12-cv-2461 (DLI) (RER)
          -against-             :
                                :
LAWRENCE H. MOKHIBER, NYS Board :
of Pharmacy                     :
                                :
          Defendant.            :
---------------------------------------------------------------x

```
-----------------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                      :
                                                :
                Plaintiff,                      :
                                                :
                -against-                       :       12-cv-2462 (DLI) (RER)
                                                :
LESLIE M. BALLANTYNE, ROGER N.                  :
PARKER, NYS WORKERS COMP.                       :
COMMISSIONER,                                   :
                                                :
                Defendants.                     :
-----------------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                      :
                                                :
                Plaintiff,                      :
                                                :
                                                :       12-cv-2463 (DLI) (RER)
                -against-                       :
                                                :
JOHN B. KING, NYS Higher Education Services     :
Commissioner                                    :
                                                :
                Defendant.                      :
-----------------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                      :
                                                :
                Plaintiff,                      :
                                                :
                -against-                       :       12-cv-2465 (DLI) (RER)
                                                :
COMMISSIONER NYS DEPT. OF LABOR,                :
                                                :
                Defendant.                      :
-----------------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                      :
                                                :
                Plaintiff,                      :
                                                :       12-cv-2466 (DLI) (RER)
                -against-                       :
                                                :
CON EDISON OFFICIAL UNKNOWN, QUIANA             :
WILLIAMS, WIDMARK LEFORT,                       :
                                                :
                Defendants.                     :
-----------------------------------------------------------------x
```

```
------------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                         :
                                                   :
                        Plaintiff,                 :
                                                   :     12-cv-2467 (DLI) (RER)
                -against-                          :
                                                   :
DANTE DeAGUIAR,                                    :
                                                   :
                        Defendant.                 :
------------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                         :
                                                   :
                        Plaintiff,                 :
                                                   :     12-cv-2468 (DLI) (RER)
                -against-                          :
                                                   :
COMMISSIONER NYC DEPT. OF EDUCATION,               :
PRESIDENT/CEO FOREST HILLS HIGH                    :
SCHOOL,                                            :
                                                   :
                        Defendants.                :
------------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                         :
                                                   :
                        Plaintiff,                 :
                                                   :     12-cv-3217 (DLI) (RER)
                -against-                          :
                                                   :
ANTHONY DORIA,                                     :
                                                   :
                        Defendant.                 :
------------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                         :
                                                   :
                        Plaintiff,                 :
                                                   :     12-cv-3218 (DLI) (RER)
                -against-                          :
                                                   :
CONSOLIDATED EDISON COMPANY OF NEW                 :
YORK, INC., VINCENT CANNON,                        :
                                                   :
                        Defendants.                :
------------------------------------------------------------x
```

```
-----------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                                 :
                                                           :
                        Plaintiff,                         :
                                                           :         12-cv-3223 (DLI) (RER)
                -against-                                  :
                                                           :
ROBERT JEAN-MICHEL, NYS Office                             :
of Rent Administration,                                    :
                                                           :
                        Defendant.                         :
-----------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                                 :
                                                           :
                        Plaintiff,                         :
                                                           :         12-cv-3224 (DLI) (RER)
                -against-                                  :
                                                           :
BRISTOL-MYERS SQUIBB, JOHN                                 :
CELENTANO, CARYN BLUMENFELD, MARY                          :
ELIZABETH NAGY,                                            :
                                                           :
                        Defendants.                        :
-----------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                                 :
                                                           :
                        Plaintiff,                         :
                                                           :
                -against-                                  :         12-cv-3225 (DLI) (RER)
                                                           :
SOCIAL SECURITY FIELD OFFICE                               :
SUPERVISOR,                                                :
                                                           :
                        Defendant.                         :
-----------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                                 :
                                                           :
                        Plaintiff,                         :
                                                           :         12-cv-3226 (DLI) (RER)
                -against-                                  :
                                                           :
SOCIAL SECURITY OFFICE OF DISABILITY                       :
ADJUDICATION & REVIEW, JUDGE SMYTHE,                       :
                                                           :
                        Defendants.                        :
-----------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* Plaintiff Snezana Stankovic ("Plaintiff") filed these sixteen actions over approximately a two-month period, asserting various claims against many different defendants. In each action, Plaintiff seeks to proceed *in forma pauperis* ("IFP"). The court grants Plaintiff's requests to proceed IFP in each action solely for the purpose of this Memorandum and Order. For the reasons set forth below, the complaints are dismissed, with prejudice as to each of these actions, except as to the Donovan Action, 12-cv-2458, and the Bristol-Myers Action, 12-cv-3224, which are dismissed without prejudice to file an amended complaint no later than September 18, 2012, as set forth herein in Section IV at pp. 10 – 11

## LEGAL STANDARD

In reviewing Plaintiff's complaints, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). A district court must nevertheless dismiss an IFP action at any time when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic v. Twombly*, 550

U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679 (internal citations and quotation marks omitted).

Moreover, it is axiomatic "'that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62 (2d Cir. 2009) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte." *Id*. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010), *aff'd*, 450 F. App'x. 66 (2d Cir. 2011).

## DISCUSSION[1]

I. **Stankovic v. Con Edison Official Unknown, et al., 12-cv-2466 ("2466 Action") and Stankovic v. Consolidated Edison Company of New York, Inc., et al., 12-cv-3218 ("3218 Action")**

In the 2466 Action, Plaintiff[2] seeks to file a "criminal complaint." She alleges that on April 26, 2012, defendants committed "criminal trespass" and "forced entry to basement of premises belonging to Valeria Stankovic." (2466 Action Compl.) In the 3218 Action, Plaintiff alleges that on "4/26/12 at 11am-6pm Con Edison employee broke 3 lock latches to basement

---

[1] To avoid needless repetition, the court has grouped together claims that are similar for purposes of this discussion.

[2] In 2466, Valeria Stankovic is named in the caption, but she did not sign the complaint and did not file a request to waive the filing fee. The court thus considers the complaint as being filed by Plaintiff alone.

6

door to gain entry." Plaintiff again cites to "criminal trespass" and seeks damages of $25,277.56. (3218 Action Compl. ¶¶ III-IV).

The 2466 Action is dismissed because Plaintiff, as a private citizen, has no standing to commence a criminal prosecution. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Ostrowski v. Mehltretter*, 20 F. App'x 87, 91 (2d Cir. 2001). Allegations of criminal conduct should be presented to law enforcement authorities, such as the police department. Plaintiff was informed by the Clerk of the Court that her filing was deficient and was given an opportunity to file a proper civil complaint within 14 days. (*See* 2466 Action Notice of Deficient Filing, Dkt. Entry 1.) That deadline has passed without Plaintiff filing a civil complaint. Therefore, the 2466 Action is dismissed.

The 3218 Action must also be dismissed. Plaintiff has not established that this court has subject matter jurisdiction over this action. For jurisdiction, Plaintiff cites to the IFP statute, 28 U.S.C. § 1915. This statute provides no basis to invoke this court's jurisdiction for a civil action, but rather governs, *inter alia*, when a court can waive the filing fee required to bring an action. Moreover, even under a liberal construction, Plaintiff's claim that Consolidated Edison's employees "broke 3 lock latches . . . to gain entry" does not raise an issue of federal law, and, as the parties are all allegedly New York State residents, there is no diversity jurisdiction. Therefore, the 3218 Action is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

II.     **Stankovic v. Smith, 12-cv-2457 ("Smith Action"),**

In the Smith Action, Plaintiff alleges simply "[i]nsufficient income level 2004-2006" and seeks "retroactive market value 80-90K yearly not $7.00 per hour." (Smith Action Compl. ¶¶ III-IV.) The court is at a loss as to what claim Plaintiff is trying to assert. The meager facts she

7

alleges do not support any claim of which this court is aware, even under the liberal standard for *pro se* litigants. Accordingly, the complaint in the Smith Action is dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure.

### III. Stankovic v. DeAguiar, 12-cv-2467 ("DeAguiar Action"), and Stankovic v. Doria, 12-cv-3217 ("Doria Action)

In both the DeAguiar Action and the Doria Action, Plaintiff apparently attempts to bring tort claims. In the DeAguiar Action, Plaintiff alleges "Emotional distress, Defamation of character, Lent money for car, photos, videos without consent." (DeAguiar Action Compl. ¶ III.) In the Doria Action, Plaintiff alleges "Accountant (Anthony Doria) failed to report income loss on tax forms for filings business income tax for owner Valeria Stankovic."[3] (Doria Action Compl. ¶ III.) None of these claims arise under federal law and, as Plaintiff alleges that all parties reside in New York State, there is no diversity jurisdiction. Thus, the court lacks subject matter jurisdiction over the claims and they are dismissed.

### IV. Stankovic v. Donovan, et al., 12-cv-2458 ("Donovan Action"), Stankovic v. Ballantyne, et al., 12-cv-2462 ("Ballantyne Action") and Stankovic v. Bristol-Myers Squibb, et al., 12-cv-3224 ("Bristol-Myers Action")

In these three actions, Plaintiff attempts to assert employment discrimination claims. In the Donovan Action, Plaintiff asserts a "[v]iolation of EEOC Discrimination in employment, privacy act breach online via Kenexa Solutions ignoring all outreach requests for employment." (Donovan Action Compl. ¶ III.) She seeks "safety specialist role (Employment) at Otsuka pharmaceuticals." (*Id.* at ¶ IV.) In the Ballantyne Action, Plaintiff asserts "(1) Discrimination to re-hire due to documented disability status of injury on job 1997 [illegible] [and] (2) Failure to

---

[3] The court also notes that Valeria Stankovic is not named as a party and has not signed the complaint in the Doria Action. Unless Valeria Stankovic is a minor or is an incompetent person over whom Plaintiff has been appointed legal guardian, Plaintiff has no standing to sue for Valeria Stankovic's alleged damages.

file employee accident report (1997) with workers compensation board NYS." (Ballantyne Action Compl. ¶ III.) Finally, in the Bristol-Myers Action, Plaintiff alleges simply "(1) Defamation of character [and] (2) Discrimination of employment." (Bristol-Myers Action Compl. ¶ III.)

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). In New York, a charge of discrimination must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days from the discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1). Thereafter, once the EEOC issues a determination or a right to sue notice, the plaintiff must then file a civil action in federal court within 90 days from receipt of the EEOC letter or notice. 42 U.S.C. § 2000e-5(f)(1). The same procedures apply for claims alleging disability-based discrimination under the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12117(a) (applying procedural requirements under Title VII to ADA claims).

Even when construed liberally, the complaints are deficient. Plaintiff does not allege any facts underlying her various claims against any of the defendants. Plaintiff alleges "discrimination" in all three actions, but that is merely a legal conclusion, which is insufficient. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 555, 557) (citation and brackets omitted)). Plaintiff also fails to allege that she filed a charge of discrimination with the appropriate local or state agency as required and that she received a right to sue notice from the EEOC.

Plaintiff also alleges "defamation of character," but, again, this is a legal conclusion for which Plaintiff provides no facts. In any event, there is no federal cause of action for defamation because interest in one's reputation is not a right, privilege or immunity protected by the Constitution or laws of the United States. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). In the Ballantyne Action, Plaintiff complains about events that allegedly occurred in 1997, which makes the action untimely, even if it were possible for her to state a claim under Title VII or the ADA. *See* 42 U.S.C. § 2000e-5(e)(1), f(1) (giving parties 300 days from the date of the adverse employment action in which to file claims with the EEOC, 180 days for the EEOC to file charges or submit a right to sue letter, and 90 days after receiving a right to sue letter from the EEOC to bring a civil action); 42 U.S.C. § 12117(a) (applying procedural requirements under Title VII to ADA claims). Fifteen years have elapsed since the alleged adverse employment action, well beyond the time Plaintiff had to file her claim with the EEOC, the EEOC had to take action on the claim, and Plaintiff had to file a civil action. Thus, the Ballantyne Action is dismissed with prejudice.

Plaintiff's complaints in the Donovan Action and Bristol-Myers Action are so completely devoid of facts that the court cannot determine whether a valid claim can be stated. Thus, in light of Plaintiff's *pro se* status, the court grants Plaintiff leave to file amended complaints in the Donovan Action and Bristol-Myers Action. In deciding whether to file an amended complaint, Plaintiff is cautioned to consider whether she believes in good faith that she has valid claims under Title VII and/or the ADA.

If Plaintiff decides to file amended complaints, Plaintiff is directed to use the court's form employment discrimination complaint for each complaint she seeks to amend. In addition to providing facts to support Plaintiff's claims of discrimination, she must attach a copy of the EEOC right to sue notice issued against each defendant and, if available, a copy of the EEOC charge filed against each defendant. If Plaintiff has not filed a charge of discrimination and received a right to sue notice, then she cannot file an amended complaint in any of these actions. For Plaintiff's convenience, "Instructions on How to Amend a Complaint" are attached. Plaintiff must use the same docket numbers currently assigned to the Donovan Action and the Bristol-Myers Action in any repleading. In addition, any amended complaints must be filed against the employer or potential employer and not against any individual employees. *See Wrighten v. Glowski*, 232 F. 3d 119, 120 (2d Cir. 2000) (per curiam). If Plaintiff does not file amended complaints by September 18, 2012, the Donovan Action and Bristol-Myers Action will be dismissed with prejudice.

**V.** **Stankovic v. Mokhiber, 12-cv-2461 ("Mokhiber Action"), Stankovic v. King, 12-cv-2463 ("King Action"), Stankovic v. Commissioner NYS Dept. of Labor, 12-cv-2465 ("Labor Action"), Stankovic v. Jean-Michel, 12-cv-3223 ("Jean-Michel Action") and Stankovic v. Commissioner of NYC Dept. of Education, et al., 12-cv-2468 ("Education Action")**

In these five actions, Plaintiff asserts a list of grievances against various government actors. Specifically, she alleges the following:

- In the Mokhiber Action, Plaintiff alleges "[f]ailure to score exams due to technical errors." She seeks: "loss of wages as pharmacist '1994-2012.'" (Mokhiber Action Compl. ¶¶ III –IV.)

- In the King Action, Plaintiff states "[s]tudent loan paid off 1993 – Higher Education grants and financial aid." She seeks: "IRS income tax refunds 2005-2012" and "stop harassment of default loan status." (King Action Compl. ¶¶ III – IV.)

- In the Labor Action, Plaintiff asserts "[t]echnical error in compensation rate 2000-2012" and seeks "[u]nemployment benefits NYS." (Labor Action Compl. ¶¶ III-IV.)

- In the Jean-Michel Action, Plaintiff alleges "[f]ailure to retrieve Apt. registration approval from Albany DHCR RPIE recorded as of 2001." For a remedy, she states "Apt. 1L illegal occupant Quiana Williams and Widmark Lefort – No Lease – Defaulted 28.5K – 5K damages." (Jean-Michel Action Compl. ¶¶ III-IV.)

- In the Education Action, Plaintiff[4] makes no allegations, instead submitting a form complaint with blank spaces under "Statement of Claim" and "Remedy." (Education Action Compl. ¶¶ III-IV.)

None of these complaints state viable federal claims or assert valid bases for this court's subject matter jurisdiction. In all five actions, Plaintiff cites to the IFP statute as the basis for jurisdiction, which, as previously discussed, cannot be used to establish jurisdiction, and all parties are alleged citizens of New York State. Plaintiff also fails to allege any discernible facts supporting federal claims against any of the state officials named as defendants. In the Mokhiber Action, Labor Action and Jean-Michel Action, Plaintiff's allegations that New York State officials made errors in exam scores, mistakes in unemployment benefit calculations and "failure to enter/retrieve Apt. registration approval" do not implicate any federal laws. To the extent Plaintiff seeks a refund from the Internal Revenue Service ("IRS") for the years 2005-2012 in the King Action, she has only named the New York State Higher Education Services Commissioner, John B. King. In any event, any claim for a refund must show that (1) a timely refund claim was filed with the IRS by Plaintiff, *see* I.R.C. §§ 6511, 7422(a); (2) Plaintiff filed this refund suit no more than two years after receiving a statutory Notice of Disallowance from the IRS, *see id.* § 6532(a); and (3) "full payment" of the tax claimed as a refund has been made, *see Fora v. United States*, 357 U.S. 63, 68 (1958). Plaintiff's sparse complaint provides none of these facts.

---

[4] In the Education Action, David Stankovic is named in the caption, but he did not sign the complaint. The court thus considers the complaint as being filed by Plaintiff alone. David Stankovic did sign a request for IFP status, but because he did not sign the complaint, his request for IFP status is denied as moot.

In the Education Action, Plaintiff filed an unsigned summons containing factual allegations (*see* Education Action Dkt. Entry 1-2), but, as she was informed by the Clerk of the Court (*see* Notice of Deficient Filing, Dkt. Entry 1), Plaintiff cannot commence an action with a summons and must file a complaint. Plaintiff was given 14 days to file a complaint, and she filed only a form complaint that contained no factual allegations or legal claims. A complaint without any allegations is deficient in the most basic way possible.

Even if the court were to consider the allegations in the summons as if they were made in a signed complaint, the Education Action still warrants dismissal. Plaintiff's assertion in the summons that David Stankovic was wrongfully discharged from a high school in 1996 provides no factual bases upon which to bring a federal claim, and Plaintiff has not alleged any basis as to how she possibly could have standing to bring such a claim. Moreover, her bald conclusions of "personal injury" and "medical malpractice," besides lacking any supporting factual allegations, are state law claims that do not invoke this court's jurisdiction.

Accordingly, the complaints in all five actions are dismissed.

## VI. Stankovic v. Queens Job Center #53 Director of Food Stamp Services, 12-cv-2460 ("Food Stamp Action")

In the Food Stamp Action, Plaintiff apparently attempts to challenge her current food stamp benefit amount and seeks retroactive benefits from 2007 to 2009, as well as damages for emotional distress. (*See* Food Stamp Action Compl. ¶ III.) This court lacks subject matter jurisdiction over these claims that must be pursued in state proceedings. Plaintiff's claim that her current food stamp benefit is inadequate and her request for retroactive benefits must be presented to the administrative agency responsible for administering these benefits, which, in New York City, is the Human Resources Administration, where a hearing is held before a state administrative law judge. *See* N.Y. Soc. Serv. Law § 22 (McKinney 2012); *Henrietta D. v.*

13

*Bloomberg*, 331 F. 3d 261, 266 (2d Cir. 2003) (describing process); *Vapne v. Eggleston*, 2004 WL 2754673, at *1 (S.D.N.Y. Dec. 1, 2004). If Plaintiff is unsuccessful at the administrative hearing, she may then appeal the decision in state court, not this court. *Vapne*, 2004 WL 2754673, at *5 (citing cases). Accordingly, the Food Stamp Action is dismissed because this court lacks subject matter jurisdiction over her claims.

### VII. Stankovic v. Social Security Field Office Supervisor, 12-cv-3225 ("3225 Action"), Stankovic v. Social Security Office of Disability Adjudication, 12-cv-3226 ("3226 Action")

In both the 3225 Action and the 3226 Action, to the extent that any claims can be discerned, Plaintiff makes allegations relating to social security benefits. In the 3225 Action, Plaintiff alleges that the "Supervisor of the Social Security Field Office erroneously processed my SS case and breach of Privacy Act (HIPAA)." (3225 Action Compl. ¶ III.) In the 3226 Action, Plaintiff takes issue apparently with an administrative law judge's ("ALJ") failure to "to admit new evidence" and to re-open an administrative proceeding for disability benefits. (*See* 3226 Action Compl. ¶¶ III-IV.)

As an initial matter, both actions appear to duplicate a separate action that Plaintiff brought, which is not subject to this Summary Order, *Stankovic v. Commissioner of Social Security*, 12-cv-2242 (E.D.N.Y. filed on May 3, 2012), seeking review of an administrative decision denying disability insurance benefits. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F. 3d 133, 138 (2d Cir. 2000). The Second Circuit has held that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 139. For this reason alone, the 3225 Action and 3226 Action are dismissed.

14

Moreover, both actions are deficient on their face. In the 3225 Action, Plaintiff seeks damages for the allegedly erroneous processing of her case and for "breach of Privacy Act (HIPAA)." Plaintiff provides no factual support for these claims, and there is no private right of action under the Health Insurance Portability and Accountability Act ("HIPAA"). *See Doe v. City of New York*, 2011 WL 3876990, at *2 (E.D.N.Y. Sept. 1, 2011) (collecting cases holding that HIPAA does not provide a private right of action)).

The 3226 Action is meritless because it is brought against the ALJ that denied her benefits application. Judges, including ALJs, have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Nash v. Califano,* 613 F. 2d 10, 15 (2d Cir. 1980) ("ALJs enjoy absolute immunity from liability in damages for actions taken in their quasi-judicial capacity."). This immunity may be overcome only if the ALJ is alleged to have taken non-judicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). Plaintiff's claim arises from the ALJ's decision denying her application for disability insurance benefits, which is well within an ALJ's jurisdiction.

Therefore, both the 3225 Action and the 3226 Action are dismissed on these grounds alone.

## VIII. FRIVOLOUS LITIGATION

As is clear from the foregoing, over the past months, Plaintiff has inundated this court with complaints against seemingly anybody with whom she is dissatisfied, none of which come close to stating a claim upon which relief can be granted or properly asserting this court's jurisdiction. In addition, another judge in this district recently dismissed *sua sponte* two additional complaints brought by Plaintiff, and warned that the "Court will not tolerate abuse of

15

its resources . . . .   Furthermore, plaintiff is hereby warned that if she continues to file similar complaints, she may be barred from filing any new civil action in this Court seeking *in forma pauperis* status without first obtaining leave of the Court to do so." *Stankovic v. Frankel*, 2012 WL 2700648, at *2-3 (E.D.N.Y. July 6, 2012).

This court reiterates the court's statement in Frankel: the court will not tolerate abuse of its resources. Bringing a civil action is a serious matter that should not be taken lightly. Every complaint that is brought, including claims that are as patently deficient as Plaintiff's complaints, consumes the court's precious resources, and potentially the resources of the other parties to the litigation. When Plaintiff drafts and submits her complaints haphazardly, without considering or investigating whether the allegations amount to a claim or the complaint is filed in the correct court, it delays other deserving litigants from having their cases adjudicated because the court must take the time to dispose of Plaintiff's complaints. This is unacceptable. As the court admonished Plaintiff in *Frankel*, this court will not hesitate to bar Plaintiff from filing future IFP actions without leave of the court if she persists in filing vexatious complaints.

**CONCLUSION**

For the reasons set forth above, each of the complaints in the sixteen above-captioned actions are dismissed with prejudice, except as to the Donovan Action (12-cv-2458) and the Bristol-Myers Action (12-cv-3224), which are dismissed without prejudice to file an amended complaint as set forth below.

Plaintiff must file any amended complaints in the Donovan Action and the Bristol-Myers Action NO LATER THAN SEPTEMBER 18, 2012. Plaintiff must use the same docket numbers currently assigned to the Donovan Action (12-cv-2458) and the Bristol-Myers Action (12-cv-3224) in any amended complaint. For Plaintiff's convenience, "Instructions on How to Amend a

Complaint" are attached.  If Plaintiff decides to file amended complaints, Plaintiff is directed to use the court's form employment discrimination complaint for each complaint she seeks to amend.  In addition to providing facts to support Plaintiff's claims of discrimination, she must attach a copy of the EEOC right to sue notice issued against each defendant and, if available, a copy of the EEOC charge filed against each defendant.  If Plaintiff has not filed a charge of discrimination and received a right to sue notice, then she cannot file an amended complaint in any of these actions.  In addition, any amended complaints must be filed against the employer or potential employer and not against any individual employees.  If Plaintiff fails to file an amended complaint by September 18, 2012, judgment shall be entered dismissing the complaints in both the Donovan Action and the Bristol-Myers Action with prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
         August 20, 2012

                                                            /s/
                                                    DORA L. IRIZARRY
                                                    United States District Judge